NO. 07-06-0395-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 5, 2007

_____

ROY BRENT CAMPBELL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181st DISTRICT COURT OF RANDALL COUNTY;

NO. 16,584-B; HON. JOHN B. BOARD, PRESIDING

_____

***ON ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant appeals from his conviction for debit card abuse. The clerk's and reporter's records were due on November 27, 2006. The clerk filed an extension motion on November 28, 2006, stating that appellant had not paid or made arrangements to pay for the record and a designation of record had not been filed. The motion was granted to December 15, 2006. The reporter filed an extension on December 12, 2006, stating she was unaware that this case was on appeal, which was granted to January 12, 2007. On December 14, 2006, a letter was sent to appellant's attorney asking for certification that

he has complied with the Rules of Appellate Procedure concerning the filing of the appellate record. To date, no response has been filed by counsel.

Accordingly, we abate this appeal and remand the cause to the 181st District Court of Randall County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent;

3. whether appellant is entitled to a free appellate record due to his indigency; and

2. whether appellant has counsel or is entitled to appointed counsel.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing, if any. Additionally, the district court shall then file the supplemental records and reporter's records transcribing the hearing with the clerk of this court on or before February 5, 2007. Should further time be needed by the trial court to perform these tasks, then same must be requested before February 5, 2007.

It is so ordered.

Per Curiam

Do not publish.